UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL C. GUTHRIE,

        Plaintiff,        Case No. 1:12-cv-516

v.        Honorable Janet T. Neff

UNKNOWN HANDLINE et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act (PLRA), PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I conclude that Plaintiff's action should be dismissed because it is time-barred.

**Factual Allegations**

Plaintiff Daniel C. Guthrie is a state prisoner incarcerated with the Michigan Department of Corrections (MDOC) at the Earnest C. Brooks Correctional Facility in Muskegon Heights, Michigan, though the events giving rise to his complaint occurred while he was housed at the Riverside Correctional Facility ("Riverside") in Ionia, Michigan. Plaintiff sues (unknown) Handline and Holmon Pope, who were corrections officers working at Riverside at the time of the events at issue. In addition, he sues an unknown Resident Unit Manager (RUM) from Riverside, a "Doctors report at Ionia Hospital - nurse statement," and inmate Donny Gardner. (*See* Am. Compl., docket #12, Page ID#68.)

Plaintiff alleges that on March 3, 2002, while he was at Riverside, inmate Gardner asked Plaintiff "what [he] was in prison for"; Plaintiff stated that "a homosexual predator in Saginaw tried to rape [Plaintiff] so [he] killed him." (*Id.* at Page ID#70.) Plaintiff's comment made Gardner upset, and Gardner disagreed with Plaintiff's religious beliefs "about sodom and gomorra [i]n the bible and holy quran," so he attacked Plaintiff two times. (*Id.*) Officer Handline helped clean up the blood in Plaintiff's cell that resulted from the attacks. Later, while Plaintiff was confined in a seclusion cell, Handline allowed Gardner to enter the cell, and then Handline watched for five minutes as Gardner beat Plaintiff on the head. After the beating stopped, Handline waved a knife in Plaintiff's face and threatened to kill Plaintiff and his family if he said anything about what had happened. Gardner also threatened Plaintiff, telling him that he (Gardner) was going home soon and that he would kill Plaintiff's family if Plaintiff did not keep quiet. Handline told Plaintiff to lie about what had happened, so Plaintiff lied to the RUM who investigated the incident and, after Plaintiff was sent to the hospital for treatment, he lied to the doctor at the hospital. That same day, Officer

Pope wrote a misconduct ticket on Plaintiff. Plaintiff asserts that he kept quiet about the attacks until 2012 because he feared for his safety.

As a result of the beatings from Gardner, Plaintiff lost a tooth, sustained a double concussion, and endured mental pain and suffering. He contends that Defendants' actions violated Plaintiff's constitutional rights because they were motivated by his religious beliefs. As relief, Plaintiff seeks damages as well as an injunction preventing any of Handline's co-workers from retaliating against Plaintiff.

## Discussion

Plaintiff's action should be dismissed as frivolous because it is barred by the applicable statute of limitations. State statutes of limitations and tolling principles apply to determine the timeliness of claims asserted under 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985). Generally, for civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. *See* MICH. COMP. LAWS § 600.5805(9) (2002) (three-year limitations period for actions to "recover damages for the death of a person, or for injury to a person or property"); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999); *see also* MICH. COMP. LAWS § 600.5805(2) (2002) (two-year limitations period for an action charging assault or battery). Accrual of the claim for relief, however, is a question of federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). Under federal law, the statute of limitations begins to run when the aggrieved party

knows or has reason to know of the injury that is the basis of his action. *See Collyer*, 98 F.3d at 220.[1]

Plaintiff's complaint is untimely. He asserts claims for conduct occurring in March 2002. Plaintiff had reason to know of the "harms" done to him at the time they occurred; hence, his claims accrued in 2002. However, he did not file his complaint until 2012, well beyond the three-year statute of limitations period.

The statute of limitations for § 1983 actions is tolled for the period of time required to exhaust available administrative remedies. *See Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000). There is no indication that Plaintiff attempted to exhaust state remedies, however. Plaintiff asserts that fear for his and his family's safety prevented him from speaking out about what happened, but he provides no details to explain why that fear justified the unusually long delay in filing the complaint. In short, Plaintiff has not alleged circumstances warranting tolling of the statute of limitations.

A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint may be dismissed as frivolous if it is time-barred by the appropriate statute of limitations. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). The Sixth Circuit has repeatedly held that when a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, *sua sponte* dismissal of the complaint is appropriate. *See Dellis*, 257 F.3d at 511; *Beach v. Ohio*, No.

---

[1] 28 U.S.C. § 1658 created a "catch-all" limitations period of four years for civil actions arising under federal statutes enacted after December 1, 1990. The Supreme Court's decision in *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004), which applied this federal four-year limitations period to a suit alleging racial discrimination under § 1981 does not apply to prisoner claims under 28 U.S.C. § 1983 because, while § 1983 was amended in 1996, prisoner civil rights actions under § 1983 were not "made possible" by the amended statute. *Id.* at 382.

03-3187, 2003 WL 22416912, at *1 (6th Cir. Oct. 21, 2003); *Castillo v. Grogan*, No. 02-5294, 2002 WL 31780936, at *1 (6th Cir. Dec. 11, 2002); *Duff v. Yount*, No. 02-5250, 2002 WL 31388756, at *1-2 (6th Cir. Oct. 22, 2002); *Paige v. Pandya*, No. 00-1325, 2000 WL 1828653 (6th Cir. Dec. 5, 2000). Accordingly, the Court may dismiss the complaint as frivolous under the PLRA. This Report and Recommendation serves as notice to Plaintiff that the Court may dismiss his action because it is barred by the statute of limitations.

## Recommended Disposition

For the foregoing reasons, I recommend that the action be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c), because it is barred by the applicable statute of limitations.[2]

Date: October 19, 2012                                /s/ Ellen S. Carmody
                                                     ELLEN S. CARMODY
                                                     United States Magistrate Judge


## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).

---

[2] Should the Court determine that the action is subject to dismissal, it must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).