UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL C. GUTHRIE,

    Plaintiff,

v.

UNKNOWN HANDLINE et al.,

    Defendants.
_____/

Case No. 1:12-cv-516

HON. JANET T. NEFF

## OPINION AND ORDER

    This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983, alleging that Defendant Handline violated Plaintiff's First Amendment right to free exercise of religion by permitting an inmate to attack Plaintiff for his religious beliefs. (Dkt 1).[1] On October 19, 2012, the Magistrate Judge filed a Report and Recommendation, recommending that the action be dismissed upon initial screening pursuant to 28 U.S.C. § 1915A(b), 1915(e)(2)(B), and 42 U.S.C. § 1997e(c) on grounds that the complaint is barred by the applicable statute of limitations. (Dkt 19). The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

---

[1] Plaintiff filed a Supplement to the Complaint on November 5, 2012. (Dkt 18). This supplement does not bear on the Report and Recommendation or this Opinion and Order other than to confirm that the events in question occurred in 2002, and thus are time-barred.

Plaintiff raises three objections to the Magistrate Judge's Report and Recommendation. All three objections are without merit.

Plaintiff first objects that the Magistrate Judge erred in calculating the statute of limitations from the time of the alleged violation. (Dkt 19 at 1). Plaintiff contends that he was threatened by Defendant Handline and that the threat should be treated as a "continuing violation." *Id.* A continuing violation may toll the statute of limitations. *See Kuhnle Bros, Inc. v. Cnty. of Geauga*, 103 F.3d 516, 520 (6th Cir. 1997) (citing *Hanover Shoe, Inc. v. United Shoe Mach. Corp.*, 392 U.S. 481, 502 n.15 (1968)). However, "[t]he continuing violations doctrine is rarely extended to civil rights actions." *Childress v. Wood*, No. 10-cv-14711, 2011 WL 893215, at *2 (Jan. 11, 2011 E.D. Mich.) (citing *Sharpe v. Cureton*, 319 F.3d 259, 267 (6th Cir. 2003)). Plaintiff has not provided a sufficient basis for tolling the statute of limitations. "[T]he mere threat of unspecified 'retaliation' does not constitute 'compelling equitable considerations' justifying equitable tolling." *Hawkins v. Ferguson*, No. 1:10-cv-432, 2012 WL 1898890, at *2 (May 22, 2012 W.D. Mich.) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000)). Even assuming the alleged threats constituted a continuing violation, the statute of limitations would only be extended for the threats, not the alleged actions of Officer Handline. *See Childress*, 2011 WL 893215 at *2. Threats alone are insufficient to state a civil rights claim. *Id.* Accordingly, this objection is denied.

Second, Plaintiff states that because he is a state prisoner, he has a constitutional right to be protected from harm, particularly harm by a state actor. (Dkt 19 at 2). Plaintiff's contention, while a correct statement of law, does not remedy his failure to file within the statute of limitations period required for § 1983 claims. *See Bonner v. Perry*, 564 F.3d 424, 430 (6th Cir. 2009)(indicating that

state personal injury statutes of limitations should be applied to § 1983 claims); MICH. COMP. LAWS § 600.5805(10) (2012). Even if a state actor caused harm to Plaintiff, Plaintiff had the obligation to file his complaint within the time permitted by law. Accordingly, Plaintiff's second objection is denied.

In his third objection, Plaintiff claims that he is entitled to protection by the state under the doctrine of "*parens patriae*," and therefore the state may not act detrimentally toward him. (Dkt 19 at 2). Not all prisoners fall within the State's *parens patriae* interest. The State's *parens patriae* interest generally extends to juveniles, the mentally ill, and those that cannot care for themselves. *See, e.g., Schall v. Martin*, 467 U.S. 253, 263 (1984) (indicating the State's *parens patriae* interest in child's welfare makes juvenile criminal cases distinguishable from adult criminal cases). In fact, both cases cited by Plaintiff is support of this objection involve juveniles. Plaintiff has not demonstrated that he is subject to the State's *parens patriae* interest or, moreover, that the doctrine in any way relieves the time-bar to his action. This objection is denied.

The Magistrate Judge properly determined that Plaintiff's claims are time-barred. Plaintiff's objections to the Magistrate Judge's Report and Recommendation are denied.

A Judgment will be entered consistent with this Opinion and Order. See FED. R. CIV. P. 58. For the above reasons and because this action was filed *in forma pauperis,* this Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Judgment would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).

Accordingly:

**IT IS HEREBY ORDERED** that the objections (Dkt 19) are DENIED and the Report and Recommendation (Dkt 14) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Complaint (Dkt 1) is DISMISSED pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B), and 42 U.S.C. § 1997e(c) for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C § 1915(a) that an appeal of the Judgment would not be taken in good faith.

Dated: February 12, 2013                                      /s/ Janet T. Neff
                                                                    JANET T. NEFF
                                                                    United States District Judge